UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS DICAPUA, JR.,

Plaintiff,

v.

REMEDY INTELLIGENT STAFFING,

Defendant.

Case No. C09-5082RJB

ORDER ON
APPLICATION TO
PROCEED IN FORMA
PAUPERIS AND FOR
COURT APPOINTED
COUNSEL

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1, at 1) and Plaintiff's Application for Court Appointed Counsel (Dkt. 1-3, at 1). The Court has considered the pleadings filed and the remainder of the file herein.

## I.   FACTS

On February 12, 2009, Plaintiff, *pro se*, filed a Complaint alleging that he is deaf and that the Defendant discriminated against him based on his disability. Dkt. 1-2. Plaintiff alleges that Defendant is a temporary staffing agency. *Id.,* at 2. Plaintiff alleges that after Defendant hired him, Defendant failed to accommodate his need for a sign language interpreter for a job orientation held by one of Defendant's clients. *Id.* He states that he was not given the job he was offered as a result. *Id.*

Plaintiff filed an application to proceed *in forma pauperis*. Dkt. 1. Plaintiff provided a financial affidavit stating that he supports three young children on his social security disability income of around $966.00 a month. Dkt. 1-3, at 2-5. He claims to have $8.00 in his checking account. *Id.* Plaintiff also

filed a motion for the appointment of counsel.  Dkt. 1-3.

## II.  DISCUSSION

### A.  APPLICATION FOR IN FORMA PAUPERIS

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson*, 314 F.2d 598, 599 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Plaintiff's application to proceed in forma pauperis should be granted.  Plaintiff has completed the proper affidavit of indigency.  It appears that Plaintiff does not have the funds to pay the $350.00 filing fee in this case.

### B.  APPLICATION FOR APPOINTMENT OF COUNSEL

Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."  In deciding whether to appoint counsel in an employment discrimination case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit.  *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir. 1981).

Plaintiff's motion for appointment of counsel (Dkt. 1-3, at 1) should be denied without prejudice.  Although Plaintiff has shown that he possesses few financial resources and he may have alleged sufficient facts to show that his claims have merit, he has not shown that he has made a sufficient effort to secure counsel.  Plaintiff raises concerns about needing an interpreter while meeting with an attorney but it appears, based upon his pleadings, he is able to write well enough to express his claims.  Although Plaintiff is not required to "exhaust the legal directory" he is required to make "a reasonably diligent effort under the circumstances" to find his own counsel.  *Bradshaw* at 1319.  Plaintiff's motion should be denied without prejudice to give him an opportunity to contact counsel.  He may, if he so chooses, re-file the motion and try to show that he has made a sufficient effort to secure counsel.

## III.  ORDER

Therefore, it is hereby, **ORDERED** that:

1   •     Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1, at 1) is **GRANTED**, and

2   •     Plaintiff's Application for Court Appointed Counsel (Dkt. 1-3, at 1)is **DENIED WITHOUT**

3         **PREJUDICE**.

4        The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

5  party appearing *pro se* at said party's last known address.

6        DATED this 19th day of February, 2009.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 3